EMILIE H. THOMAS, ADMINISTRATRIX OF THE ESTATE OF LARRY LEE THOMAS v. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY

No. 7219SC634

(Filed 20 December 1972)

Automobiles § 68— striking vehicle from rear — absence of taillight — insufficiency of evidence of proximate cause

Evidence tending to show that plaintiff's intestate was killed when his automobile struck the rear of an uninsured motorist's vehicle on the left side at 5:20 a.m. and that the uninsured motorist stated that the right taillight had no glass or bulb was insufficient to show any negligence on the part of the uninsured motorist which was a proximate cause of the collision.

APPEAL from *Martin (Robert M.), Judge,* at the 7 February 1972 Session of Superior Court in RANDOLPH County.

Plaintiff-administratrix instituted this action to recover for the alleged wrongful death of Larry Lee Thomas pursuant to an uninsured motorist provision of an insurance policy with

defendant company. Plaintiff contends that Thomas was killed as a result of the negligence of George Washington Hollis, an uninsured motorist.

The insurance policy sued upon was a family automobile policy issued by defendant company to Larry Lee Thomas covering his 1965 Plymouth automobile. The insurance contract contained the following provision: "(insurer agrees) to pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of . . . death . . . arising out of the . . . use of such uninsured automobile."

The undisputed evidence shows the following: on 25 January 1965 at approximately 5:20 a.m., Larry Lee Thomas, while operating his 1965 Plymouth on U. S. Interstate Highway 75, near Tifton, Georgia, was killed as a result of a collision with the rear of a 1955 model Studebaker owned and operated by George Washington Hollis; that Thomas' car hit the rear of the Hollis Studebaker on the left side; that at the time of the collision Thomas was covered by the insurance policy in question; that Hollis was an uninsured motorist; that Thomas was killed as a direct result of the collision; and that there were no other witnesses to the collision.

Plaintiff alleged that Hollis, the uninsured motorist, negligently and carelessly operated his vehicle at a slow rate of speed and with improper taillights. The plaintiff's only witness concerning the facts of the accident was the father of Larry Lee Thomas, who was not present at the scene of the accident. This witness had examined Hollis' car at a junk yard three days after the accident, and testified to the following: that the collision impact had demolished the left rear of Hollis' car, but that the right rear was not damaged; that there was no glass or bulb in the right rear taillight, and that it was rusty on the inside.

At the close of plaintiff's evidence, defendant moved for a directed verdict in accordance with G.S. 1A-1, Rule 50. This motion was granted. Plaintiff appealed.

*John Randolph Ingram for plaintiff.*

*Perry C. Henson and Thomas C. Duncan for defendant.*

BROCK, Judge.

Plaintiff first assigns as error the exclusion of certain testimony by the father of Larry Lee Thomas concerning an alleged statement made by Hollis, the uninsured motorist. The excluded portion of his testimony was as follows: "He said the left taillight had half a glass in it and was supposed to have been burning, but the right taillight didn't have no glass in it or bulb either."

Assuming, without deciding, that this testimony was admissible, the bare proof that one taillight on Hollis' car was not working does not show any proximate cause relationship between that fact and the collision. On the evidence presented, the manner in which this collision occurred is sheer speculation. Plaintiff must offer evidence "sufficient to take the case out of the realm of conjecture and into the field of legitimate inference from established facts." *Parker v. Wilson,* 247 N.C. 47, 100 S.E. 2d 258.

In order to recover on an uninsured motorist claim, plaintiff must show he is legally entitled to recover damages from the uninsured motorist. Plaintiff has failed to do this.

We find no merit in plaintiff's other assignments of error. In our opinion, defendant's motion for directed verdict was properly allowed.

Affirmed.

Chief Judge MALLARD and Judge BRITT concur.